48 F.3d 1232
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joy L. JEFFERSON, Plaintiff-Appellant,
v.
The CITY of Oklahoma City, Defendant-Appellee,
and
OKLAHOMA CITY FIRE DEPARTMENT, Defendant.
 No. 92-6305
(D.C. No. CIV-91-1181-C)
 United States Court of Appeals, Tenth Circuit.
 March 2, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's judgment in favor of defendant City of Oklahoma City[2] after a bench trial on plaintiff's claim that defendant discriminated against her based on her race, African American, in violation of 42 U.S.C.1981, 1983, and 2000e (Title VII), and the Fourteenth Amendment. The district court concluded plaintiff failed to establish a prima facie case, and alternatively, that defendant rebutted any presumption of discrimination by demonstrating that the challenged qualifying examination was a rational business necessity. We have jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Where, as here, trial was to the court, the district court's factual findings are presumed correct and will not be set aside on appeal unless clearly erroneous. Ershick v. United Mo. Bank, 948 F.2d 660, 666 (10th Cir.1991). "Conclusions of law are reviewed de novo." Id.
 
 
 4
 Plaintiff was employed by the City of Oklahoma City as a training technician since July 1981. In November 1990, she applied for one of two positions of public education instructor with the Oklahoma City Fire Department. The selection process began with a written test. Plaintiff was the only applicant who was not a firefighter. Plaintiff's test score was not high enough to qualify her for consideration for the position. She alleges that the examination did not fairly test for the qualifications required by the public education position. According to plaintiff, the written test discriminated against her, and her alone, based on her race. Both positions were filled with white firefighters.[3] Plaintiff has framed her cause of action as a "hybrid disparate treatment and disparate impact" claim.
 
 
 5
 To establish a prima facie case of discriminatory failure to promote under Title VII and 1981, plaintiff must show (a) she is a member of a racial minority, (b) she applied and was qualified for an available position, (c) she was rejected despite her qualifications, and (d) after plaintiff was rejected, the employer continued to seek applicants with plaintiff's qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)(Title VII); Patterson v. McLean Credit Union, 491 U.S. 164, 186-87 (1989)(1981). If the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to advance a nondiscriminatory reason for its action. McDonnell Douglas, 411 U.S. at 802. If the defendant meets its burden of production, the burden shifts back to the plaintiff to prove that defendant's proffered reasons were a pretext for discrimination. Id. at 804-05. The district court's conclusions whether a plaintiff was subjected to disparate treatment under Title VII and 1981 are findings of fact reviewed for clear error. Daemi v. Church's Fried Chicken, Inc., 931 F.2d 1379, 1384 (10th Cir.1991).
 
 
 6
 In contrast, under a disparate impact theory, a prima facie case requires a showing that " 'a specific identifiable employment practice or policy caused a significant disparate impact on a protected group.' " Murphy v. Derwinski, 990 F.2d 540, 544 (10th Cir.1993)(quoting Ortega v. Safeway Stores, Inc., 943 F.2d 1230, 1242 (10th Cir.1991)). Then the burden shifts to the defendant to show evidence of a " 'business justification' for its action." Murphy, 990 F.2d at 544 (quoting Ortega, 943 F.2d at 1243).
 
 
 7
 In this case, the district court found that plaintiff failed to show that she was qualified for the promotion; she had scored too low on the qualifying examination. Memorandum opinion at 8, 9. Moreover, the court determined that plaintiff had adduced no evidence that the qualifying examination was racially biased or designed to exclude any African American, including plaintiff. Id. at 3. Indeed, in her brief filed with this court, plaintiff does not argue that the examination discriminated against nonwhite applicants; rather, she asserts that the examination was weighted in favor of firefighters and against nonfirefighters. Even though plaintiff seeks to combine the disparate treatment and disparate impact theories, she has not offered any proof of either discriminatory intent on defendant's part, or a disparate impact on a protected group caused by the examination. Based on these facts, we decline plaintiff's invitation to create a cause of action based on an employee's claim that a qualifying examination was targeted to exclude only her, absent some evidence of unlawful motive or effect. Our review of appellant's appendix reveals no error in the district court's finding that plaintiff failed to establish a prima facie case of unlawful discrimination.
 
 
 8
 We have also considered the district court's alternate holding that defendant rebutted any prima facie case of discrimination by showing that the qualifying examination was a rational business necessity. The record demonstrates that this determination is not clearly erroneous. See Luna v. City & County of Denver, 948 F.2d 1144, 1147 (10th Cir.1991)("Once a plaintiff establishes a prima facie case [of employment discrimination], the burden shifts to the employer to show that it based its promotion decision strictly on a legitimate business consideration and not an illegitimate factor such as race."). Finally, we conclude the district court correctly denied plaintiff's claims brought under 1983 and the Fourteenth Amendment based on plaintiff's failure to adduce any evidence of racial discrimination.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Oklahoma City Fire Department was dropped as a separate defendant prior to trial, apparently because the City and the Fire Department are the same legal entity. See appellant's app. at 208
 
 
 [3]
 A third public education instructor position was announced shortly after the first two positions were filled. An African American male was hired for the third position. The parties dispute whether plaintiff applied for the third position. Our conclusion is the same under either set of facts